930 So.2d 580 (2006)
Michael COLEMAN, Petitioner(s)
v.
STATE of Florida, Respondent(s).
No. SC05-2217.
Supreme Court of Florida.
May 4, 2006.
Petitioner's counsel, Martin McClain, filed an emergency petition seeking review of a nonfinal order of the Circuit Court of the First Judicial Circuit in and for Escambia County that denied his motion for payment of attorney fees by the Florida Department of Financial Services. The State filed a response. Petitioner moved to file a reply. We accepted the reply as timely filed, and that motion is therefore moot. After considering the petition, the response, and the reply, the petition is denied. The Court finds no error in the holding by the circuit court that attorney fees for counsel McClain are not to be paid by the Department of Financial Services because McClain was privately hired counsel, not counsel appointed by the Court.
Also pending in this case is the respondent's "Motion to Compel Service of Pleadings," which this Court grants. The Court directs that within ten (10) days of the date of this order, counsel for the petitioner shall serve a copy of the petition upon registry counsel Baya Harrison III and counsel for the State, and file a copy of the petition in the circuit court case currently pending in the circuit court. Finally, petitioner Michael Coleman filed a "Motion for Stay," which the Court transfers to the circuit court for its determination. The transfer of this motion should not be construed as an adjudication or comment on the merits of the motion. The transferee court shall treat the motion as if it had *581 been originally filed in that court on the date it was filed in this Court.
The Court has considered the allegations concerning registry counsel Harrison in note 2 on page 3 of the petition. To monitor the performance of assigned counsel in accordance with section 27.711(12), Florida Statutes (2005), Harrison shall file in the circuit court a response to note 2 of the petition within thirty (30) days of the service of the petition. This response shall also be served upon petitioner's counsel, counsel for the State of Florida, and the Executive Director of the Commission on Capital Cases. Thereafter, the circuit court shall hold a hearing and consider whether any sanctions should be imposed by reason of the allegations, including the reimbursement to the State of attorney fees paid to Harrison. Harrison, McClain, counsel for the State, and the Executive Director of the Commission on Capital Cases shall be served notice of the date and time of the hearing by the circuit court and shall appear at the hearing. Within thirty (30) days of the hearing, the circuit court shall file and serve a report and recommendations with this Court. This hearing and report are not to delay or affect the proceedings of petitioner Coleman's case in respect to the issues upon which this Court has relinquished jurisdiction to the circuit court.
No motions for rehearing will be entertained.
PARIENTE, C.J., and WELLS, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion.
ANSTEAD, J., concurring in part and dissenting in part.
I concur in the majority's decision to remand this case to the trial court so that the trial court can determine the merits of the allegations that prior counsel, Baya Harrison III, has both failed to provide representation to Coleman and has abused his role of registry counsel by seeking excessive and unearned fees for his own services and for those of an investigator. The allegations made by retained counsel for Coleman that the attorney fees and investigator fees may not have been earned and constitute an abuse of the system merit special concern because the Legislature has charged the courts with closely monitoring the services provided by registry counsel.
I dissent from the majority's order to the extent that it fails to provide for the appointment of counsel for Coleman in these continuing proceedings which include the resolution of claims of mental retardation. While Coleman may not be entitled to counsel of his choice, he is obviously entitled to counsel now that registry counsel Harrison has withdrawn and the trial court has not appointed counsel in his place. These proceedings cannot continue without the appointment of competent counsel to assist Coleman on his pending claims.